IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TYLER SUTTERFIELD                                                                                        PLAINTIFF

v.                            Civil No. 3:24-cv-03053-MEF

SHERIFF JOHN MONTGOMERY,
Baxter County, Arkansas;
DR. JEFF TATE, Medical Provider for the Baxter
County Detention Center (BCDC); and
LIEUTENANT TABITA MAZE,
Jail Administrator, BCDC                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to this Court's General Order 2024-02, this case was directly assigned to the undersigned Magistrate Judge. Because not all parties to the action have consented to the jurisdiction of the undersigned, however, and Plaintiff's claims require dismissal, the undersigned enters his findings as a Report and Recommendation, and the case will automatically be reassigned to United States District Judge Timothy L. Brooks. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure; General Order 2024-02.

### I.     DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). He proceeds *pro se* and has filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Plaintiff was incarcerated in the Baxter County Detention Center ("BCDC") at the time he filed his Complaint (ECF No. 1 at 1).

When he filed this case, Plaintiff was informed that his IFP motion was deficient because he failed to attach the required certificate of account. (ECF No. 3). Plaintiff was given until

January 6, 2025, to either submit the certificate of account or pay the filing fee. *Id.* Plaintiff was also given until January 6, 2025, to submit an Amended Complaint on the Court's approved § 1983 form. *Id.*

In the same order, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. (ECF No. 3). If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address no later than thirty (30) days from the time of his transfer to another facility or his release. *Id.* Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently."

On December 30, 2024, mail was returned as undeliverable from the BCDC. (ECF No. 5). The returned mail included the Court's Order directing the submission of a certificate of account or the filing fee and the filing of an Amended Complaint. (ECF No. 30). Plaintiff had 30 days, or until January 29, 2025, to provide the Court with a new address.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

To date, Plaintiff has not provided a new address or contacted the Court in anyway. In fact, the last thing filed by the Plaintiff in this case was his Complaint and Motion to Proceed IFP filed on December 16, 2024. (ECF Nos. 1 & 2). The Court has confirmed by review of the BCDC detainee roster than Plaintiff is not incarcerated in that facility.[1]

## II.    CONCLUSION

For this reason, it is RECOMMENDED that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**Status of Referral: The referral terminates upon the filing of this Report and Recommendation.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

DATED this 7th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

---

[1] https://www.baxtercountysheriff.com/roster.php?term=Tyler+Sutterfield&search=Y (last visited February 6, 2025).

3